UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIROOZ ZANDI, )<br>      Plaintiff, )<br> )<br>  v. )<br> )<br>K & S ENGINEERS, INC., and )<br>DIBAKAR SUNDI, )<br>      Defendants. ) | CAUSE NO.: 2:15-CV-271-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on a motion to reopen discovery [DE 66], filed by Plaintiff Firooz Zandi. Defendants K & S Engineers, Inc. and Dibakar Sundi filed a response, and Plaintiff filed a reply. In the instant motion, Plaintiff seeks to reopen discovery for the purpose of supplementing his discovery responses pursuant to Federal Rule of Civil Procedure 26(e). For the following reasons, the motion is denied without prejudice.

## BACKGROUND

Plaintiff Firooz Zandi filed his Complaint against Defendants K & S Engineers, Inc. and Dibakar Sundi on July 17, 2015. Following a series of extensions, the discovery deadline was eventually extended to April 28, 2017. In May 2018, a criminal case was filed against Plaintiff in Indiana state court. This matter was stayed pending the outcome of Plaintiff's criminal case, which concluded in August 2019. Plaintiff was found guilty of theft and is currently serving a prison sentence. Pursuant to a telephonic status conference held on December 4, 2019, this matter is now set for trial on August 17, 2020.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 26,

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e). Under Rule 37,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

The Seventh Circuit Court of Appeals has affirmed that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998). Nonetheless, "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quotation marks and citation omitted). Though *Salgado* and *Caterpillar, Inc.* discussed this issue in the context of Rule 26(a), the Court of Appeals has made clear that these statements apply equally in the context of Rule 26(e). *See Westefer v. Snyder*, 422 F.3d 570, 584 n. 21 (7th Cir. 2005) (explaining the Court of Appeals' previous note in *Salgado*—that the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless—and finding that, "[s]imilarly, here once the district court found a Rule 26[e] violation, it was obligated to exclude the offered evidence unless the

prisoners' failure to amend was harmless or justified"). While "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the Court of Appeals has explained that

> the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Caterpillar, Inc.*, 324 F.3d at 857 (quotation marks and citation omitted).

## ANALYSIS

Plaintiff explains that he reviewed numerous discovery materials throughout his criminal case, most of which were produced as a result of a law enforcement investigation, though some were produced by Plaintiff. Further, while the majority of these materials have already been exchanged by the parties in the instant case, there are certain documents that were discovered for the first time by Plaintiff during his criminal case. Plaintiff states that these documents were either provided by the state of Indiana or were discovered/located by Plaintiff after discovery was received from the state of Indiana. Plaintiff states that this latter set of documents was not otherwise available to him or in his possession at the time discovery closed in this matter in 2017.

Plaintiff argues that, while these materials were previously undisclosed, Defendants will nonetheless not be prejudiced by this limited supplementation of Plaintiff's discovery responses. Specifically, Plaintiff contends that the documents "speak for themselves" and would in fact provide clarity as to Defendants' claims and defenses. Plaintiff further notes that these materials are offered well in advance of trial and that they may aid the parties in reaching a non-trial resolution.

Defendants respond that Plaintiff must have known of the existence of the relevant materials since at least August 2019, when his criminal trial concluded. Yet, as of January 2020,

3

Plaintiff has stilled failed to produce these documents. Defendants argue that such a delay cannot be substantially justified and, further, that it is surely willful. Moreover, Defendants state that they will suffer substantial prejudice if Plaintiff is permitted to present the documents at trial, as Defendants have not had the opportunity to depose Plaintiff regarding these materials and Defendants' expert was unaware these materials existed.

Though the issue was not raised in Plaintiff's motion, Defendants additionally argue that Plaintiff should be barred from using the expert retained in his criminal proceedings, including using this expert's reports or opinions. Defendants state that the expert disclosure deadline in this matter expired almost four years ago, and Plaintiff failed to disclose any expert or accompanying report. Defendants explain their concern that allowing discovery to be reopened at this stage could open the door for Plaintiff to attempt to disclose an expert witness, which would substantially prejudice Defendants.

In his reply, Plaintiff addresses Defendants' arguments in turn. As to Defendants' contention that they will be prejudiced because they have not had the opportunity to depose Plaintiff regarding the relevant new materials, Plaintiff states it is worth noting that, despite Plaintiff producing more than one thousand documents after his October 2016 deposition, Defendants neither took another deposition of Plaintiff nor made any additional inquiries regarding the produced materials. As to Defendants' argument regarding potentially opening the door for further expert witness disclosures, Plaintiff concedes that his use of an expert or expert report in this matter would be inappropriate given that he has neither retained nor disclosed such an expert. Accordingly, Plaintiff represents that if the Court allows him to supplement his discovery responses as requested, he will neither disclose nor use an expert at trial.

Plaintiff further argues that Defendants have failed to address all factors relevant to the Court's determination and that Plaintiff's failure to supplement until now is otherwise harmless. Plaintiff explains that, should he be permitted to supplement his responses pursuant to Rule 26(e)(1), testimony presentation at trial would be simplified and shortened, more issues would be fine-tuned or entered as stipulations, and the likelihood of settlement before trial would increase.

On the facts currently before it, the Court is unable to find that Plaintiff's violation of Rule 26(e) was justified or harmless. Plaintiff's motion refers nebulously to materials such as expenses and expense invoices, check copies, employee wage pay and hours worked, and bank/card account statements, but fails to specify exactly what materials he now seeks permission to produce. Without such information, the Court is unable to properly consider the prejudice or surprise to Defendants, the potential to cure that prejudice, and the likelihood of disruption to trial.

Moreover, Plaintiff fails to explain how the relevant documents were previously unavailable to him or not in his possession during 2017. Pursuant to Rule 34, "a party is required to produce documents that are within its 'possession, custody, or control.'" *Meridian Labs., Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131, 135 (N.D. Ill. 2019) (quoting Fed. R. Civ. P. 34(a)(1)). However, "it is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has a legal right to obtain them." *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004). Plaintiff broadly asserts that documents were unavailable to him or not in his possession, but he fails to offer any basis upon which the Court may conclude that these materials were not in his control such that he was unable to produce them by the discovery deadline. And, Plaintiff acknowledges that at least some of these documents were produced by him to the state of Indiana. In light of these representations, the Court

5

is unable to determine whether there was any bad faith or willfulness on Plaintiff's part in not disclosing the evidence at an earlier date.

Accordingly, the Court hereby **DENIES without prejudice** Plaintiff's motion to reopen discovery [DE 66].

So ORDERED this 7th day of May, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:   Firooz Zandi, *pro se*